UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

March 28, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Clara M. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
      Civil No. 20-2581-BAH

Dear Counsel:

On September 8, 2020, Plaintiff Clara M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny Plaintiff's claim for disability insurance benefits. ECF 1. I have considered the record in this case, the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 12, 13, 14, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains why.

### I.   **Facts**

Plaintiff filed a Title II application for a period of disability and disability insurance benefits ("DIB") on May 29, 2018, alleging a disability onset of December 12, 2017. Tr. 190–93. Plaintiff's claim was denied initially and on reconsideration. Tr. 117–120, 125–131. On October 10, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 44–83. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 17–43. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ first found that Plaintiff "has not engaged in substantial gainful activity since December 12, 2017, the alleged onset date[.]" Tr. 22. The ALJ next found that Plaintiff suffered from the severe impairments of "affective mood disorder, degenerative disc disease, osteoarthritis, personality disorder, [and] posttraumatic stress disorder (PTSD)." Tr. 22. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant could occasionally push and pull with the bilateral lower extremities. The claimant could occasionally climb ramps and stairs. She can occasionally balance, stoop, kneel, crouch, and crawl. The claimant should never climb ladders, ropes, and scaffolds.

> The claimant must avoid concentrated exposure to hazards, including moving machinery and unprotected heights, extreme cold, wetness, and vibration. The claimant is limited to simple, routine, repetitive tasks, with no production rate for pace of work, and occasional interaction with the general public.

Tr. 25.  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff was not able to perform past relevant work as a psychiatric aide (DOT 355.377-014) or a case worker (DOT 195.197-010) but could perform other jobs that existed in significant numbers in the national economy, specifically "routing clerk," "marker," and "checker I."  Tr. 36–38.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 39.

## II.  Discussion

Plaintiff raises four arguments on appeal, specifically that the ALJ erroneously: 1) determined that Plaintiff could perform light work; 2) determined that jobs exist in significant numbers in the national economy which Plaintiff can perform; 3) failed to find her disabled pursuant to Listing 12.15; and 4) failed to find Plaintiff disabled pursuant to the Grid Rule 201.14.  Pl.'s Br. 6, ECF 13-1.

### 1) Light work exertion level

First, Plaintiff argues that the ALJ's RFC determination is flawed because "the ALJ generally credited only the evidence that supported his ultimate determination while ignoring substantial evidence from [Plaintiff's] treating providers that [Plaintiff] could not perform light work on a regular and continuing basis." *Id.* at 6–7.  Specifically, Plaintiff argues that the ALJ mistakenly determined that Plaintiff can perform light work because the ALJ "did not give greater weight to the opinions of [Plaintiff's] treating physicians." *Id.* at 11.  Plaintiff argues that the ALJ "should have given [Jeffrey Wharton, M.D.'s] opinion greater weight because he had a long history treating [Plaintiff] and his opinion is consistent with the remainder of the record." *Id.* at 12.

Defendant counters that "the mere fact that [Plaintiff] can point to evidence in the record that supports an alternate conclusion does not establish that the ALJ erred, or that the ALJ's findings are not supported by substantial evidence." Def.'s Br. 7, ECF 14.  Defendant asserts that Plaintiff disagrees "with only one part of the ALJ's rationale for finding Dr. Wharton's opinions less persuasive[.]" *Id.* at 8.  Defendant contends that Plaintiff "ignore[ed] the remainder of the ALJ's explanation and fail[ed] to cite any authority . . . [supporting] that the ALJ could not discount Dr. Wharton's opinion based on the large variation in his stated limitations in a short period of time." *Id.*  Defendant further contends that Plaintiff "identifies no relevant medical evidence contradicting the ALJ's statement that the objective evidence did not reflect a notable reduction is functioning consistent with the significant change in Dr. Wharton's opinions." *Id.*

Plaintiff responds that "[t]he fact that Dr. Wharton's opinion changed over time is, however, consistent with the record." Pl.'s Reply Br. 3, ECF 17.  Plaintiff supports this argument by providing specific citations to the record of instances where Plaintiff's condition varied. *Id.* at 3–4.

*Clara M. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. 20-2581-BAH
March 28, 2022
Page 3

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

Against this backdrop, the Court considers Plaintiff's claim that the ALJ erred in finding that Plaintiff can perform light work by determining whether the ALJ employed the correct legal standards while making their finding based on substantial evidence. Here, the Court finds that the ALJ correctly acknowledged the five-step sequential evaluation process for determining whether an individual is disabled. Tr. 21 (citing 20 C.F.R. § 404.1520(a)). After completing steps one through three of the process, the ALJ identified the relevant rules governing the RFC analysis. Tr. 25 (citing 20 C.F.R. § 404.1529, SSR 16-3p, and 20 C.F.R. § 404.1520c).

In finding that Plaintiff retained the RFC to perform "light work," the ALJ undertook an 11-page analysis that considered the claimant's symptoms, physical conditions, testimony about their daily activities, function report, physical and mental examinations, a wide range of medical opinions, imaging studies, diagnostic studies, and various treatment notes. Tr. 25–36. This analysis comports with the "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)" required in the Fourth Circuit. *Mascio v. Colvin*, 780 F.3d 632, 363 (4th Cir. 2015) (citing SSR 96-8p, 61 Fed. Reg. 34,478 (July 2, 1996)).

Furthermore, Plaintiff's challenge to the ALJ's RFC finding largely hinges on whether the ALJ properly weighed the opinions of physicians who treated and evaluated Plaintiff. "For claims filed after March 27, 2017, an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled."[1] *Adrianna S. v. Comm'r of SSA*, Civil No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. §§ 404.1520c). An ALJ is required to "articulate . . . how persuasive [the ALJ] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." *Id.* (citing 20 C.F.R. §

---

[1] Plaintiff incorrectly states that the criteria for evaluating medical opinions and prior administrative medical findings is found at 20 C.F.R. § 404.1527(c). Pl.'s Br. 4, ECF. 13-1; Pl.'s Reply Br. 3, ECF 17. However, that C.F.R. provision applies only to claims filed *before* March 27, 2017. Since Plaintiff filed a claim on May 29, 2018, the relevant C.F.R. provision is 20 C.F.R. § 404.1520c, which governs claims filed *after* March 27, 2017.

*Clara M. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. 20-2581-BAH
March 28, 2022
Page 4

404.1520c(b)). Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions. *Id.* (citing 20 C.F.R. § 404.1520c(b)(2)). Therefore, the ALJ is required to "explain how [the ALJ] considered the supportability and consistency factors for a medical source's medical opinions . . . in [the ALJ's] . . . decision." *Id.* Supportability generally refers to "the objective medical evidence and supporting explanations presented by a medical source[.]" *Id.* (citing 20 C.F.R. § 404.1520c(c)(1)) . Consistency generally refers to the consistency between the opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R. § 404.1520c(c)(2)).[2]

In this case, the ALJ demonstrated a thorough analysis of several medical opinions and prior administrative medical findings, as required by 20 C.F.R. § 404.1520c. Tr. 34–36. The ALJ found the opinions of the State agency medical consultants at the initial and reconsideration level, particularly that of E. Nakhuda, M.D., "generally persuasive and supported by evidence." Tr. 34 (generally citing Tr. Exs. B2A, B4A, and B4F). Dr. Nakhuda opined that Plaintiff "could occasionally lift 20 pounds, frequently lift 10 pounds, stand or walk for 6 hours and sit for 6 hours," which the ALJ found to be "consistent with the objective medical examinations through the record." Tr. 34. More specifically, the ALJ determined that Dr. Nakhuda's opinion is "supported by the imaging studies, the objective examinations showing generally intact muscle strength and motor strength of the bilateral lower extremities, the [Plaintiff's] lumbar spine and lower extremity range of motion, and the various observations of normal gait." Tr. 34. The ALJ gives a similar depth of analysis to the medical opinions of the following medical professionals: Jack Hutchenson, M.D.; Mikhael Taller, M.D., Lee Reback, Psy.D., P.A.; and Jo McClain, Psy.D.

The ALJ found the opinions of only two medical sources not entirely persuasive: Dr. Wharton and Angela Gilbert, Psy.D. Tr. 36. Although an ALJ must articulate how persuasive they found all of the medical opinions and all prior administrative findings in the case record, the ALJ need not articulate *all* of the § 404.1520c(c) factors for *all* of the medical opinions. 20 C.F.R. § 404.1520c(b)(1) (emphasis added). Rather, "when a medical source provides multiple medical opinion(s) . . ., [an ALJ] will articulate how [the ALJ] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.*

Plaintiff contends that even though Dr. Wharton's two RFC assessments–the first performed in October 2018 and the second in January 2019–are inconsistent, the latter should have been given greater weight "because [Dr. Wharton] had a long history of treating [Plaintiff] and his opinion was consistent with the remainder of the record." Pl.'s Br. 12, ECF 13-1. Defendant counters by noting that, "the ALJ found that Dr. Wharton's opinions were neither supported by nor consistent with the record." Def.'s Br. 9, ECF 14-1. Further, Defendant asserts that "no corresponding reduction in functioning based on the medical evidence" justifies Dr. Wharton's significant change of opinion and that Plaintiff "identifies no relevant medical evidence

---

[2] ALJs also consider other factors in paragraphs (c)(3) through (c)(5) of this section, and they "may, but are not required to," explain that consideration in the decision. *Id.* § 404.1520c(b)(2).

*Clara M. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. 20-2581-BAH
March 28, 2022
Page 5

contradicting the ALJ's statement[.]" *Id.* at 8.

The Court agrees that "[t]he ALJ adequately explained the basis for [the ALJ's] assessment of the weight assigned to [these] opinion[s] . . . and that substantial evidence supports [the ALJ's] findings." *Id.* at 9. "'In reviewing for substantial evidence' in support of an ALJ's factual findings, 'we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ.'" *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)). Similar to the finding in *Shinaberry*, the Court finds that the ALJ explained why the opinion was given little weight. *Id.*[3] Therefore, in finding that the ALJ properly adhered to correct legal standards and supported their findings with substantial evidence, the Court upholds the ALJ's conclusion that Plaintiff can perform light work with the specified limitations.[4]

### 2)  Listing 12.15

Plaintiff also argues that the ALJ should have found that Plaintiff was disabled pursuant to Listing 12.15 at step-three of the process. Pl.'s Br. 13, ECF 13-1. Listing 12.15 of 20 C.F.R. Part 404, Subpart P, Appendix 1 describes "trauma- and stressor-related disorders" within the category of mental disorders. The Court agrees with Plaintiff in finding that Plaintiff satisfies the Listing 12.15 paragraph A criteria. Pl.'s Br. 13, ECF 13-1. However, the Court finds that the ALJ thoroughly analyzed each of the four broad paragraph B areas of functioning under the proper legal standard[5] and that the ALJ's conclusions were supported by substantial evidence. Tr. 24–25. The ALJ supported their paragraph B determinations with cites to Plaintiff's testimony, mental status examination score, and function report. Tr. 25. The ALJ noted that "[w]hile the State agency psychological consultants opined no limitation in [the area of adapting or managing oneself], the undersigned finds [Plaintiff's] testimony . . . function report regarding [Plaintiff's] daily activities

---

[3] Plaintiff provides citations to evidence that purportedly supports Dr. Wharton's changed opinions. Pl.'s Reply Br. 3–4, ECF 17. However, all four citations are to contacts with healthcare providers occurring *before* Dr. Wharton's first RFC evaluation in October of 2018. Thus, the ALJ had reason to conclude that the record did not support a significant change in Dr. Wharton's opinion in January of 2019. *Id.* (citing Tr. 334, 487 (the same visits on February 27, 2018); Tr. 337 (telephone visit on February 23, 2018); Tr. 311 (visit on May 18, 2018); Tr. 581 (visit on August 17, 2018)).

[4] Plaintiff additionally argues that the ALJ erred at step five by determining that Plaintiff could perform jobs existing in significant numbers in the national economy and that Plaintiff should be found disabled pursuant to Grid Rule 201.14. Pl.'s Br. 12–15, ECF 13-1. However, both of these arguments are premised on Plaintiff's conclusion that Plaintiff is only capable of performing sedentary work. As discussed above, the ALJ's determination that Plaintiff can perform light work with restrictions is supported by substantial evidence. Therefore, these arguments are moot.

[5] The ALJ acknowledged that, "[t]o satisfy the 'paragraph B' criteria, the mental impairments must result in one extreme limitation or two marked limitations in a broad area of functioning" and went on to accurately define extreme and marked limitations. Tr. 24.

*Clara M. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. 20-2581-BAH
March 28, 2022
Page 6

and dependence on [Plaintiff's spouse and son] supports at least 'mild' limitation in this area of function." Tr. 25.

Furthermore, though Plaintiff chose not to challenge the ALJ's brief analysis regarding the applicability of paragraph C's criteria, Tr. 25, there exists substantial support for the ALJ's paragraph C findings. Tr. 25 (citing Tr. Exs. B2A, B4A, B7E, B4F, and B6F–B10F).

Defendant contends that "[Plaintiff] has failed to identify actual error in the ALJ's reasoning, much less harmful error, and [Plaintiff's] arguments amount to no more than a request that this court reweigh the evidence because [Plaintiff] disagrees with the ALJ's conclusions." Def.'s Br. 6, ECF 14-1 (citing *Hancock*, 667 F.3d at 472). The Court agrees and finds that the ALJ did not err in finding that Plaintiff was not disabled pursuant to Listing 12.15.

### III.     Conclusion

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 13, is DENIED, and Defendant's Motion for Summary Judgment, ECF 14, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge